UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Joseph J. Sivak, Jr.,                                            Civ. No. 17-902 (PAM/KMM)

Plaintiff,

v.                                                       **MEMORANDUM AND ORDER**

Cody Rides, LLC; Tom Collins Group,
LLC; Show Productions, Inc. d/b/a
Audio Visions; and SnowtaNYE, LLC,

Defendants.

---

This matter is before Court on Motions for Summary Judgment by Defendants

Show Productions, Inc. d/b/a Audio Visions, SnowtaNYE, LLC, and Defendant Tom

Collins Group, LLC.  For the following reasons, the Motions are granted.

**BACKGROUND**

Plaintiff Joseph J. Sivak, Jr., and a friend celebrated New Year's Eve 2016 by

attending an event at the Minneapolis Convention Center called the SnowtaNYE Music

Festival.  The event featured music, a light show, and other entertainment, including an

indoor Ferris wheel.  While riding the Ferris wheel, Sivak either climbed out or fell out

and suffered serious injuries.[1]

Sivak then brought this lawsuit against the various entities involved in the

SnowtaNYE event.  Tom Collins Group and its related entity SnowtaNYE (together, the

"Collins Defendants"), were the promoters of the event, and as such were responsible for

---

[1] Although Sivak argues at length that there is a factual dispute regarding how he was
injured, that factual dispute is immaterial to the legal issues presented in these Motions.

selling tickets, paying vendors, and hiring Audio Visions.  Audio Visions was the self-described "producer" of the music and light show at the event.  In that capacity, Audio Visions hired Defendant Cody Rides, LLC, to bring the Ferris wheel to the event, although Audio Visions contends that the idea for an indoor amusement ride originated with the Collins Defendants.  There are no written contracts evidencing any of the arrangements among the four Defendants.

Sivak's 11-paragraph Second Amended Complaint does not contain any separate counts.  His only claim against the Collins Defendants and Audio Visions is that they "carelessly and negligently permitted Defendant Cody Rides, LLC, to operate its Ferris wheel without proper maintenance or inspection."  (2d Am. Compl. (Docket No. 27) ¶ 8.)  Sivak's expert witness opines that Cody Rides was negligent in improperly maintaining, inspecting, and/or operating the Ferris wheel, but he does not offer any opinion with respect to the alleged negligence of either the Collins Defendants or Audio Visions.  (Becker Decl. (Docket No. 65) Ex. C.)

The Collins Defendants and Audio Visions now seek summary judgment on Sivak's negligence claim against them.  They argue that they cannot be vicariously liable for Cody Rides' alleged negligence, and that they did not owe Sivak an independent duty to ensure his safety on the Ferris wheel.

**DISCUSSION**

**A.     Standard of Review**

Summary judgment is proper if there are no disputed issues of material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a). The

Court must view the evidence and inferences that "may be reasonably drawn from the evidence in the light most favorable to the nonmoving party." Enter. Bank v. Magna Bank of Mo., 92 F.3d 743, 747 (8th Cir. 1996). The moving party bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). A party opposing a properly supported motion for summary judgment may not rest on mere allegations or denials, but must set forth specific facts in the record showing that there is a genuine issue for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986).

## B.     Negligence

A claim for negligence requires the violation of a duty of care. Domagala v. Rolland, 805 N.W.2d 14, 22 (Minn. 2011). Whether there is a duty is a question of law. Id. (citing Bjerke v. Johnson, 742 N.W.2d 660, 664 (Minn. 2007)). The duty of care arises either from the defendant's own conduct, from the conduct of one for whom the defendant is legally responsible, or when there is a special relationship between the defendant and the injured party. Bjerke, 742 N.W.2d at 665. Ultimately, Sivak must establish not only a special relationship, but that "the harm represented by [the Ferris wheel] is something [the moving Defendants are] in a position to protect against and should be expected to protect against." Erickson v. Curtis Inv. Co., 447 N.W.2d 165, 168 (Minn. 1989).

Sivak contends that the Collins Defendants are liable because they signed the permit for occupancy of the convention center for the SnowtaNYE event. The permit required the Collins Defendants to "take all precautions to protect the public against

3

injury." (Wittmers Decl. (Docket No. 66) Ex. H at 3.) Sivak argues that this permit created a duty on behalf of the Collins Defendants to affirmatively act to protect attendees at the festival. As to Audio Visions, Sivak argues only that because Audio Visions' role in the festival is the subject of dispute, summary judgment is inappropriate.

The operator of a festival "owes a duty of reasonable care to its patrons." Dahlberg v. Mid-Am. Festivals Corp., 367 N.W.2d 112, 113 (Minn. Ct. App. 1985). But "actual or constructive knowledge of the dangerous condition by the defendant is a necessary prerequisite to recovery by the plaintiff." Phillips v. Wild Mountain Sports, Inc., 439 N.W.2d 58, 59 (Minn. Ct. App. 1989) (citation omitted). Thus, even if the Collins Defendants or Audio Visions were the "operators" of the event such that they had a duty to protect Sivak from harm, he has not come forward with any evidence regarding whether these Defendants knew or should have known of the allegedly dangerous condition. Indeed, as Sivak's expert witness opines, the incident was caused by improper maintenance, improper manufacture, or excessive wear on the hinge of the seat in which Sivak was riding. None of these defects would have been apparent to either the Collins Defendants or Audio Visions; rather, the only evidence is that the Ferris wheel's maintenance and inspection was the sole responsibility of Cody Rides.

Nor does Sivak have any evidence or legal authority to underpin his apparent contention that the Collins Defendants and Audio Visions are vicariously liable for Cody Rides' alleged negligence. His invocation of Dahlberg on this issue is unavailing, because the amusement-park operator's negligence in Dahlberg was not vicarious, but arose from the operator's own actions. See Dahlberg, 367 N.W.2d at 114 (finding that

operator could be negligent because of its role in the events leading to the plaintiff's injury). There is no basis for the imposition of vicarious liability here.

**CONCLUSION**

Sivak has failed to establish any legal basis for the duty he seeks to impose on the moving Defendants. Accordingly, **IT IS HEREBY ORDERED that**:

1.   Defendant Show Productions d/b/a Audio Visions's Motion for Summary Judgment (Docket No. 53) is **GRANTED**;

2.   Defendants SnowtaNYE's and Tom Collins Group's Motion for Summary Judgment (Docket No. 55) is **GRANTED**; and

3.   Plaintiff's claim against these Defendants is **DISMISSED with prejudice**.

Dated:  <u>March 29, 2018</u>

<u>s/ Paul A. Magnuson</u>
Paul A. Magnuson
United States District Court Judge