UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Joseph J. Sivak, Jr.,                                  Civ. No. 17-902 (PAM/KMM)

              Plaintiff,

v.                                               **MEMORANDUM AND ORDER**

Cody Rides, LLC,

              Defendant.

---

This matter is before Court on Defendant's Motion to Exclude and for Summary Judgment. For the following reasons, the Motion is granted.

**BACKGROUND**

Plaintiff Joseph J. Sivak, Jr., and a friend attended an event at the Minneapolis Convention Center called the SnowtaNYE Music Festival on December 31, 2016. Sivak was injured when he fell from a Ferris wheel that had been installed in the convention center for the event.

Sivak then brought this lawsuit against the various entities involved in the SnowtaNYE event. The Court previously dismissed Defendants Tom Collins Group, LLC, its related entity SnowtaNYE, LLC, and Show Productions, Inc. d/b/a Audio Visions. (Docket No. 79.) Remaining Defendant Cody Rides, LLC, brought the Ferris wheel to the event, installed the Ferris wheel, and operated the ride during the event.

Sivak's 11-paragraph Second Amended Complaint does not contain any separate counts. He claims only that Cody Rides "operated its Ferris wheel without proper

maintenance or inspection; and operated said Ferris wheel in a careless and negligent manner."[1] (2d Am. Compl. (Docket No. 27) ¶ 9.) Cody Rides now moves to exclude Sivak's expert witness, and argues that Sivak cannot establish his negligence claims without the expert's testimony, making summary judgment appropriate.

**DISCUSSION**

**A.** **Daubert**

The Supreme Court has assigned district courts with the role of gatekeeper to ensure that only relevant and reliable expert testimony is admitted under Fed. R. Evid. 702. Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579, 589 (1993). To determine reliability, the Court should examine (1) whether the theory or technique "can be (and has been) tested," (2) whether it "has been subjected to peer review and publication," (3) the "known or potential rate of error," and (4) whether the theory or technique has been generally accepted within the relevant scientific community. Id. at 592-94.

"[T]he factual basis of an expert opinion goes to the credibility of the testimony, not the admissibility, and it is up to the opposing party to examine the factual basis for the opinion in cross-examination." Bonner v. ISP Techs., Inc., 259 F.3d 924, 929 (8th Cir. 2001) (quotation omitted). The Court should exclude an expert witness "[o]nly if the expert's opinion is so fundamentally unsupported that it can offer no assistance to the jury." Id. at 929-30. However, the Court should not admit expert opinion evidence that

---

[1] Although Sivak initially contended that Cody Rides operated the Ferris wheel negligently, by allowing it to turn too fast and by bringing it to a stop suddenly and without warning, he has abandoned that contention.

"is connected to existing data only by the ipse dixit of the expert." Gen. Elec. Co. v. Joiner, 522 U.S. 136, 146 (1997).

Cody Rides asks the Court to exclude the testimony of Sivak's expert witness, Steven Becker. Mr. Becker is a mechanical engineer whose opinions purport to establish Cody Rides' liability. He offers three general opinions. First, he believes that improper inspection or maintenance of the hanger pin for the seat in which Sivak was riding was responsible for the incident. (Becker Decl. Ex. C (Docket No. 65-1) at 19.) Sivak testified that the seat suddenly locked in place, so that when the Ferris wheel turned, he and his friend were tipped out of the seat. Mr. Becker believes that the pin attaching the seat to the Ferris wheel malfunctioned either because of improper maintenance, assembly, or spacing of the pin, or because of debris or wear. (Id. at 16.)

Becker also analyzed the security video from the incident. Based on that video, he opined that Sivak was not rocking his seat before he fell, lending credence to Sivak's assertion that the seat malfunctioned. (Id. at 19.)

Finally, Becker believes that Cody Rides violated Minnesota law by failing to immediately report the incident to the Minnesota Department of Labor and Industry. (Id.) Sivak suggests that this failure, and Cody Rides' subsequent dismantling of the Ferris wheel before any inspection could be accomplished, may constitute spoliation of evidence. Sivak has not, however, moved for any relief because of this alleged spoliation.

Cody Rides first challenges Becker's qualifications, arguing that because he has no expertise in Ferris wheels, his testimony is unreliable. But although Becker has

3

limited familiarity with Ferris wheels, he is a mechanical engineer and thus is qualified to offer opinions regarding the mechanical forces at play and what might cause a Ferris wheel's seat to lock in place.

Becker is not qualified, however, to offer an opinion about what the security video purportedly shows. He has had no training in the area of video analysis, and more importantly, the video speaks for itself. Becker's testimony will not assist the jury in evaluating the video; rather it is an attempt to tell the jury what the video shows. He may not offer an opinion as to what the security video shows.

Cody Rides argues that there is no evidentiary support for Becker's opinions regarding the cause of the accident. As noted, Becker has posited several potential explanations for the alleged "locking" Sivak claims to have experienced, but he has not examined the Ferris wheel or conducted any tests to support any of these theories. In response, Sivak notes that Becker was unable to inspect the Ferris wheel as it was on the night of the accident, because Cody Rides disassembled it. According to Sivak, Becker chose not to examine the Ferris wheel after disassembly, because he believed that such an examination would be fruitless; it would not, for example, reveal whether there was debris lodged in the hanger pin. But an inspection of the Ferris wheel, which is in storage and has not been used since December 31, 2016, would certainly reveal whether there was wear on the seat pins, or whether those pins had been improperly maintained, or whether any pin was defective in any way, thus supporting or eliminating some of Becker's theories regarding causation.

Moreover, Sivak's claim that Cody Rides is somehow guilty of spoliation is simply not borne out by the record. The Convention Center required Cody Rides to take down the Ferris wheel two days after the event. Cody Rides had no indication at that time that Sivak was seriously injured, because Sivak told bystanders that he was fine and tried to walk away from the scene; he had to be convinced to stay and allow EMTs to take him to the hospital for evaluation. The nefarious motive that Sivak implies in the dismantling of the Ferris wheel is unwarranted.

The Court is generally disinclined to exclude expert testimony. But an expert must do more than posit theories. Daubert requires that expert testimony "be supported by appropriate validation." Daubert, 509 U.S. at 590. Indeed, a "key question" in the Daubert inquiry is whether the expert's theory "can be (and has been) tested." Id. at 593. While testing is not required in every instance, the Court must "weigh [the expert's] lack of testing in assessing the reliability of [his] opinions." Presley v. Lakewood Eng'g & Mfg. Co., 553 F.3d 638, 645 (8th Cir. 2009). Given the utter lack of any evidence, whether in the form of testing or otherwise, to support Mr. Becker's theories with regard to improper maintenance, wear, assembly, or spacing of the hanger pin, those opinions must be excluded.

Mr. Becker's theory that debris lodged in the pin and prevented the seat from moving presents a more difficult issue. It is obvious from the security video that the seat moved freely after Sivak and his companion fell out, and thus if debris caused the accident, that debris dislodged immediately thereafter. An inspection of the Ferris wheel, even before it was disassembled, would therefore not likely prove or disprove this theory.

But Mr. Becker conducted no tests regarding the size of debris that would be required to cause such an accident, the kinds of debris that might be present during a Ferris wheel's operation and whether such kinds of debris could cause a seat to lock in place, or what amount of force would be necessary to lodge a piece of debris into the hanger pin and then dislodge it.  He has offered an explanation but has given the Court no basis to conclude that this explanation is worthy of any credence.  In essence, Mr. Becker asks the Court to conclude that, because there was an accident, something must have gone wrong with the Ferris wheel's seat.  But this is not a case involving res ipsa loquitur.  It is Sivak's burden to establish liability, and Mr. Becker's testimony is too unreliable to support that burden.  Under the principles of Daubert, his testimony is excluded.

**B.     Summary Judgment**

Sivak does not dispute that, if Mr. Becker's testimony is excluded, summary judgment in Cody Rides' favor is appropriate.

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED that** Cody Rides' Motion to Exclude Expert Testimony and for Summary Judgment (Docket No. 71) is **GRANTED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  May 17, 2018                                           *s/ Paul A. Magnuson*
                                                               Paul A. Magnuson
                                                               United States District Court Judge